IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY SWANSON,

    Petitioner,                  No. CIV S-06-2627 FCD EFB P

    vs.

D.L. RUNNELS, Warden,         FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the November 20, 2006, petition. Respondent moves to dismiss this action upon the ground it is untimely and contains unexhausted claims.

    For the reasons explained below, the court finds that petitioner's application for habeas corpus relief was untimely filed and must be dismissed.

    Title 28 U.S.C. § 2244(d)(1) provides as follows:

    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

1

1     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner pled guilty to assault on a peace officer with an arming enhancement. Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof, Lodged Doc. 1. On January 28, 2003, he was sentenced to a determinate prison term of 24 years. *Id*. Petitioner did not appeal his sentence. Petitioner's conviction and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on March 29, 2003, when time ran for appeal. *See Id*.; Cal. Rules of Court 8.30(a). The limitation period began running the next day.

Petitioner did not file any state post-conviction collateral challenges within the limitations period. Since Petitioner had not filed his federal petition as of March 29, 2004, the date the limitations period expired, this action is time-barred under § 2244(d).

Petitioner filed his first state post-conviction collateral challenge on May 11, 2004, 44 days after the statute of limitations expired. The filing of a state collateral action after expiration of the limitations period does not restart the clock or otherwise save a claim from being time-barred. Once the statute has run, a collateral action cannot revive it. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

A court may grant equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). These circumstances must actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). In his opposition, he states that he was not dilatory in seeking habeas relief and that the State is not harmed by the delay. However, he fails to point to anything which made it impossible for him to file his federal habeas petition on time.

Because there has been no showing of any basis to toll the limitations period, the period expired one year from March 30, 2003. This action must be dismissed because petitioner did not commence this action until November 20, 2006.

Based on the foregoing analysis, the court finds it unnecessary to reach the issue of exhaustion in respondent's motion to dismiss.

Accordingly, it is hereby RECOMMENDED that respondent's February 9, 2007, motion to dismiss be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE